UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ENRIQUE A. GARCIA and ANNA REBECCA GARCIA, both individually and as husband and wife,<br><br>    Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY FINANCIAL SERVICES, INC., dba AMERICAN FAMILY INSURANCE; AMERICAN FAMILY MUTUAL INSURANCE COMPANY; DOE DRIVER I through V, DOE OWNER I through V; DOE  EMPLOYEES/AGENTS I through XX; ROE CORPORATIONS A through Z; and DOES I through X, inclusive,<br><br>    Defendants. | Case No.: 2:09-01800-LDG-GWF<br><br>**ORDER** |

Plaintiffs, Enrique A. and Anna Rebecca Garcia, brought an action in Nevada state court against American Family Financial Services ("AFFS"), Enterprise Rent-A-Car and the unknown driver on April 4, 2008.  The Garcias amended their complaint to add American Family Mutual Insurance Company ("AFMIC") as a defendant on July 11, 2009.  Enterprise settled with the Garcias and was dismissed on August 11, 2009.  The dismissal of Enterprise created diversity of citizenship among the remaining parties.  AFMIC filed a petition/notice of removal on September 10, 2009, based on diversity of citizenship.  The Garcias have filed a motion to remand arguing

(1) AFMIC did not remove the case within the one-year time period, and (2) AFFS did not join in the removal.[1]

"[A] case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. §1446 (b). The expiration of the one-year time limit is determined by the law of the state where the case originated. *Provenza v. Yamaha Motor Co., Ltd.*, 295 F. Supp.2d 1175, 1177 (D. Nev. 2003). In Nevada, the one-year time limit commences when the plaintiff files the complaint. *Provenza*, 295 F. Supp.2d at 1178. Furthermore, the commencement of an action means the date of the initial pleading and is not affected by amending the complaint to add defendants. *See e.g., Norman v. Sundance Spas, Inc.*, 844 F. Supp. 355, 357 (W.D. Ky. 1994).[2]

Based on the foregoing,

THE COURT HEREBY ORDERS that Plaintiffs' motion for remand (#9) is GRANTED.

DATED this ___9___ day of July, 2010.

_____
Lloyd D. George
United States District Judge

---

[1] Because the Court decides the motion on the "commencement" analysis, it is unnecessary to address the joinder argument.

[2] In *Norman*, the plaintiff filed a complaint in state court and amended the complaint one month later to add more defendants. Complete diversity of citizenship did not exist until more than one year after the initial complaint was filed. Defendants, one of whom was added when the complaint was amended, filed notice of removal based on diversity jurisdiction within one year of the amended complaint, but more than one year after the initial complaint was filed. The court concluded that Congress intended to bar removal of diversity cases after one year from the date of the initial pleading and that the action "commenced" on the date of the original complaint, not the amended complaint. The court determined that the Defendant's petition for removal was outside of the one-year limitation, therefore entitling the plaintiff to remand.